IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY C. BONTEMPS,

     Plaintiff,          No. CIV S-10-2345 DAD P

  vs.

SALINAS, et al.,

     Defendants.       ORDER

_____/

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 302 and 28 U.S.C. § 636(b)(1).

**PLAINTIFF'S IN FORMA PAUPERIS APPLICATION**

Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff will be granted leave to proceed in forma pauperis.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. See 28 U.S.C. §§ 1914(a) & 1915(b)(1). An initial partial filing fee of $0.06 will be assessed by this order. See 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate

1

1  agency to collect the initial partial filing fee from plaintiff's prison trust account and forward it to
2  the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly payments of
3  twenty percent of the preceding month's income credited to plaintiff's prison trust account.
4  These payments will be collected and forwarded by the appropriate agency to the Clerk of the
5  Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in
6  full.  See 28 U.S.C. § 1915(b)(2).

## SCREENING REQUIREMENT

8        The court is required to screen complaints brought by prisoners seeking relief
9  against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C.
10  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised
11  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
12  granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28
13  U.S.C. § 1915A(b)(1) & (2).

14        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
15  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
16  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
17  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
18  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
19  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
20  Cir. 1989); Franklin, 745 F.2d at 1227.

21        Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and
22  plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
23  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
24  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47
25  (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must
26  contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**PLAINTIFF'S COMPLAINT**

In his complaint, plaintiff identifies the following defendants: Salinas, Craw, Niles, Fallaz, Lieberg, Long, Newman, Bodenhammer, Russel, Zuniga, Wong, and Manning.

3

(Compl. at 7.)  Plaintiff alleges the following.  On April 28, 2010, plaintiff began to suffer from severe migraine headaches, dizziness, and nausea.  (Id. at 8.)  Plaintiff and his cellmate therefore called for medical assistance.  (Id.)  After plaintiff waited ten to fifteen minutes, prison officials Cano, Dela Cruz, and Nurse Tina Islas finally responded.  (Id. at 8-9.)  However, Nurse Islas did not provide plaintiff with emergency care and simply gave plaintiff Ibuprofen.  (Id. at 9.)

After taking the Ibuprofen, plaintiff continued to suffer from severe headaches and began to vomit.  (Id.)  Plaintiff also began to bleed out of his nose and mouth.  (Id.)  Plaintiff's cellmate again called for medical attention.  (Id.)  It took twenty minutes for officers Cano, Manning, and an unknown African-American nurse to respond.  (Id. at 9-10.)  However, when the nurse finally did arrive, she refused to provide plaintiff with medical treatment because plaintiff had swastikas tattooed on his hand and eye.  (Id. at 11.)

Plaintiff was eventually dragged out of his cell by officers Cano and Manning and taken to a hospital.  (Id. at 11-12.)  An MRI was taken, and plaintiff was diagnosed with a small tumor on the center-front lobe of his brain.  (Id. at 12.)  A doctor at the hospital opined that plaintiff needed surgery.  (Id.)  Nevertheless, plaintiff has yet to receive appropriate medical treatment for his condition.  (See id. at 12-13.)  Plaintiff has also filed several inmate grievances regarding the matter but to no avail.  (Id. at 13.)

In an unrelated event, on July 15, 2010, plaintiff's back went out and he fell to the ground.  (Id. at 15.)  Because as he laid on the ground plaintiff was delaying the release of other inmates for chow, officers Manning and Cano lifted plaintiff from where he laid, slammed him on a gurney, and transported him to the medical clinic.  (Id.)  According to plaintiff, officers Manning and Cano further injured plaintiff's back when they lifted him and slammed him onto the gurney.  (Id.)

Based on these allegations, plaintiff appears to claim that defendants failed to provide him with adequate medical treatment in violation of the Eighth Amendment.  In addition, plaintiff also appears to claim that officers Manning and Cano engaged in the excessive use of

force against him in violation of the Eighth Amendment. Finally, it appears that plaintiff attempts to claim that defendants Craw, Fong, Niles, and Farrar failed to respond to his inmate grievances in connection with these incident. In terms of relief, plaintiff seeks injunctive relief as well as monetary damages. (Id. at 3, 6-7.)

## DISCUSSION

The allegations of plaintiff's complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief. Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). In this regard, plaintiff must allege, with at least some degree of particularity, overt acts which each defendant engaged in that support his claims. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a), the complaint must be dismissed. The court will, however, grant plaintiff leave to file an amended complaint.

If plaintiff elects to file an amended complaint in this action, he is advised of the following legal standards that govern the claims he is apparently attempting to present. First, as an initial matter, plaintiff must allege facts linking the actions of each named defendant with the claimed constitutional violations. For example, in his complaint plaintiff identifies defendants Lieberg and Bodenhammer. However, plaintiff does not allege any facts regarding these two defendants in his complaint. Unless plaintiff alleges facts in his complaint demonstrating an affirmative link or causal connection between each defendant's actions and the claimed constitutional deprivation, there can be no liability under 42 U.S.C. § 1983. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980).

Second, to the extent plaintiff alleges that defendants failed to provide him with adequate medical care, he is advised that in Estelle v. Gamble, 429 U.S. 97 (1976), the Supreme Court held that inadequate medical care is cognizable under § 1983 only if the alleged

5

1  mistreatment rose to the level of "deliberate indifference to serious medical needs." Id. at 106.
2  Moreover, in applying this standard, the Ninth Circuit has held that the alleged "indifference to
3  [plaintiff's] medical needs must be **substantial**.  Mere 'indifference,' 'negligence,' or 'medical
4  malpractice' will not support this cause of action." Broughton v. Cutter Lab., 622 F.2d 458, 460
5  (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06) (emphasis added).  Accordingly, if plaintiff
6  elects to pursue this claim in his amended complaint, he is advised that he must be able to allege
7  facts demonstrating that defendants' actions were not merely negligent but rather, rose to the
8  level of deliberate indifference.
9         Third, if plaintiff wishes to pursue an excessive use of force claim against
10 defendant Manning and officer Cano, he is advised that the core judicial inquiry regarding such a
11 claim is "whether force was applied in a good faith effort to maintain or restore discipline or
12 maliciously and sadistically for the very purpose of causing harm." Whitley v. Albers, 475 U.S.
13 312, 318 (1986). See also Jordan v. Garner, 986 F.2d 1521, 1528 (9th Cir. 1993) (en banc).
14 Plaintiff must therefore allege facts demonstrating that defendant Manning and officer Cano
15 lifted him and "slammed" him on a gurney for the sole purpose of causing him harm.  If plaintiff
16 is unable to allege such facts, he should refrain from reasserting this claim in his amended
17 complaint.
18         Fourth, to the extent that plaintiff alleges that defendants Craw, Fong, Niles, and
19 Farrar failed to respond to his inmate grievances, he is advised that it is well-established that an
20 inmate lacks a separate constitutional entitlement to a specific prison grievance procedure. See
21 Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640
22 (9th Cir. 1988)).  Therefore, when a prison official screens-out or otherwise denies a prisoner's
23 grievance, the prison official does not deprive the prisoner of any constitutional right. See, e.g.,
24 Wright v. Shannon, No. CIV F-05-1485 LJO YNP PC, 2010 WL 445203 at *5 (E.D. Cal. Feb. 2,
25 2010) (plaintiff's allegations that prison officials denied or otherwise ignored his inmate appeals
26 failed to state a cognizable claim under the First Amendment); Walker v. Vazquez, No. CIV F-

09-0931 YNP PC, 2009 WL 5088788 at *6-7 (E.D. Cal. Dec. 17, 2009) (plaintiff's allegations that prison officials failed to timely process his inmate appeals failed to state a cognizable claim); Towner v. Knowles, No. CIV S-08-2833 LKK EFB P, 2009 WL 4281999 at *2 (E.D. Cal. Nov. 20, 2009) (plaintiff's allegations that prison officials screened out his inmate grievances without any basis failed to demonstrate a violation of federal rights). Accordingly, plaintiff's allegation that prison officials failed to respond to his inmate appeals fails to state a cognizable claim, and plaintiff is advised not to assert this claim in any amended complaint he elects to file.

Finally, plaintiff is warned that the court cannot refer to his original complaint to make his amended complaint complete. See Local Rule 220. This is because, as a general rule, the amended complaint supercedes the original complaint, which no longer serves any function in the case. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Thus, plaintiff must sufficiently allege each claim and the involvement of each defendant in any amended complaint he elects to file.

**OTHER MATTERS**

In his complaint, plaintiff requests that a temporary restraining order be issued against all of the defendants. The court, however, has not yet authorized service of plaintiff's complaint, and no defendant has made an appearance in this case. The court therefore lacks jurisdiction at this time to issue injunctive relief. See Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."). Accordingly, plaintiff's request for a temporary restraining order must be denied as being premature.

**CONCLUSION**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's September 22, 2010, application to proceed in forma pauperis (Doc. No. 6) is granted;

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith;

3. Plaintiff's complaint (Doc. No. 1) is dismissed;

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint;" failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice;

5. The Clerk of the Court is directed to send plaintiff the court's form for filing a civil rights action; and

6. Plaintiff's August 31, 2010, request for a temporary restraining order is denied as premature.

DATED: October 8, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:sj
bont2345.14