1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   GREGORY C. BONTEMPS,

11          Plaintiff,                    No. 2:10-cv-2345 DAD P

12      vs.

13   SALINAS, et al.,                     ORDER AND

14          Defendants.                   FINDINGS AND RECOMMENDATIONS

15   _____/

16          Plaintiff is a state prisoner proceeding pro se seeking relief pursuant to 42 U.S.C.

17   § 1983.  Pending before the court are defendants' motions to revoke plaintiff's in forma pauperis

18   ("IFP") status pursuant to 28 U.S.C. § 1915(g) or, in the alternative, to revoke his IFP status

19   because plaintiff has engaged in abusive litigation practices.  Plaintiff has filed an opposition to

20   the motions, and defendants have filed a reply.

21          **MOTIONS TO REVOKE IFP STATUS PURSUANT TO § 1915(g)**

22          The federal IFP statute includes a limitation on the number of actions in which a

23   prisoner can proceed IFP.  It states:

24              In no event shall a prisoner bring a civil action or appeal a
                judgment in a civil action or proceeding under [§ 1915] if the
25              prisoner has, on 3 or more prior occasions, while incarcerated or
                detained in any facility, brought an action or appeal in a court of
26              the United States that was dismissed on the grounds that it is

1

frivolous, malicious, or fails to state a claim upon which relief may
be granted, unless the prisoner is under imminent
danger of serious physical injury.

28 U.S.C. § 1915(g). "[T]he plain language of § 1915(g) requires that the court look at cases

dismissed prior to the enactment of the [Prison Litigation Reform Act] to determine when a

prisoner has used his three strikes." Rodriguez v. Cook, 169 F.3d 1176, 1181 (9th Cir. 1999).

For purposes of § 1915(g), the court must determine whether plaintiff has, on

three or more occasions prior to the filing of this new action, brought a civil action or appeal that

was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon

which relief could be granted.  Where a court denies a prisoner's application to file an action

without prepayment of fees on the grounds that the submitted complaint is frivolous, malicious

or fails to state a claim upon which relief may be granted, the court has "dismissed" the

complaint for purposes of § 1915(g).  See O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008).

In this case, defense counsel argues that plaintiff has filed ten prior actions that the

court has dismissed because they were frivolous, malicious, or failed to state a claim for relief.

(Defs.' Mot. to Dismiss at 4-5 & Exs. 1-10.)  In five of the cases counsel lists, the court first

dismissed plaintiff's complaint with leave to amend for failure to state a claim, plaintiff failed to

file an amended complaint, and the court dismissed the action.  (Id., Exs. 1-5.)  In four of the

cases listed by counsel, the court denied plaintiff's request to proceed IFP and dismissed the case.

(Id., Exs. 6-9.)  Finally, in the last case relied upon by defense counsel, the court dismissed

plaintiff's claims "with prejudice to bringing them in another unpaid complaint" and dismissed

the case.  (Id. Ex. 10.)

Even assuming for the sake of argument that three of the above-mentioned cases

constituted strikes for purposes of § 1915(g), there is an exception to the three-strikes rule of that

provision.  The exception allows a prisoner to use IFP status to bring a civil action despite three

prior dismissals where the prisoner is under imminent danger of serious physical injury.  See

Andrews v. Cervantes, 493 F.3d 1047, 1056-57 (9th Cir. 2007) ("[A] prisoner who alleges that

2

1  prison officials continue with a practice that has injured him or others similarly situated in the

2  past will satisfy the 'ongoing danger' standard and meet the imminence prong of the three-strikes

3  exception.").

4         Defense counsel summarily contends in a footnote that the exception to § 1915(g)

5  has no application to this case because plaintiff did not allege that he was in any "imminent

6  danger" when he brought this action.  The court disagrees.  In plaintiff's original complaint, he

7  alleged that he had immediate medical care needs that the defendants were ignoring.

8  Specifically, plaintiff alleges as follows.  On April 28, 2010, he began experiencing a severe

9  migraine headache with pain was so severe that his eyes began to hurt, he became nauseated, and

10  he started to vomit.  A nurse provided him with ibuprofen, but the medication did not help.

11  Plaintiff fell to the floor, and prison officials took him to the hospital where he underwent an

12  M.R.I.  Plaintiff learned that he had a 2x2 tumor on his brain.  According to plaintiff, his doctor

13  told him he might die if he does not receive surgery to remove it.  Plaintiff alleged that he had not

14  received proper follow-up care since his hospital visit.  (Compl. at 8-13.)  Contrary to defense

15  counsel's contention, the court finds that plaintiff had set forth plausible allegations that he was

16  "under imminent danger of serious physical injury" at the time he filed his complaint in this

17  action.[1]  See Andrews, 493 F.3d at 1056; Bradford v. Vella-Lopez, No. 11-17176, 2012 WL

18  4888396 at *1 (9th Cir. Oct. 9, 2012)[2] (prisoner set forth plausible allegations that he was "under

19  imminent danger of serious physical injury," as that term is used in § 1915(g), due to defendants

20

21     [1]  The court recognizes that plaintiff is now proceeding on a second amended complaint
   and that in screening that complaint the court determined that plaintiff appeared to state a
22  cognizable claim for excessive use of force but did not state a cognizable claim for deliberate
   indifference to his medical needs.  Nevertheless, as noted above, the exception to § 1915(g)
23  applies "if the danger existed at the time the prisoner filed the [original] complaint."  Andrews,
   493 F.3d at 1053.  The Ninth Circuit has made clear that "§ 1915(g) concerns only a threshold
24  procedural question - whether the filing fee must be paid upfront or later.  Separate PLRA
   provisions are directed at screening out meritless suits early on."  Id. at 1055.

25
      [2]  Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth
26  Circuit Rule 36-3(b).

1    refusal to treat his blood clotting disorder).

2         Accordingly, defendants' motions to revoke plaintiff's IFP status pursuant to §

3    1915(g) should be denied.

4              **MOTIONS TO REVOKE IFP STATUS BECAUSE OF ABUSIVE LITIGATION**

5         Defense counsel also argues that even if plaintiff is not barred from proceeding

6    IFP under § 1915(g)'s three-strikes rule, the court should revoke his IFP status because he is an

7    "abusive filer." (Defs.' Mot. to Dismiss at 5.) Counsel contends that the sheer volume of

8    plaintiff's filings indicate that his litigation practices are abusive. Defense counsel contends that

9    in the last eighteen years, plaintiff has filed at least twenty-three federal actions, five of which he

10   is litigating concurrently with this action, and that plaintiff has yet to prevail in a single action.

11   (Id. & Exs. 1-13.) In addition, defense counsel contends that plaintiff has a practice of litigating

12   an action for months, or even years, and then forcing the court to dismiss it for failure to

13   prosecute. For example, counsel notes, plaintiff has failed to amend his complaint or to submit

14   service documents with respect to his potentially cognizable claims. He has also failed to oppose

15   defendants motions for summary judgment and allowed for default dismissal. Finally, counsel

16   contends that plaintiff misrepresented his litigation history in this case by stating on his form

17   complaint that he only had one previous or pending lawsuit in addition to this case. (Id. at 6-7.)

18        The "court has inherent power to restrict a litigant's ability to commence abusive

19   litigation in forma pauperis." Visser v. Supreme Court of California, 919 F.2d 113, 114 (9th Cir.

20   1990). In Visser, a pro se petitioner brought five petitions for a writ of mandamus and requested

21   leave to proceed IFP with each petition. In the preceding sixteen months, the petitioner had filed

22   eleven similar petitions and requests to proceed IFP. The Ninth Circuit denied petitioner's

23   request to proceed IFP, explained that his petitions contained "vague, rambling diatribes," and

24   concluded that he had "engaged in a pattern of litigation which [was] manifestly abusive." The

25   court directed the Clerk of the Court not to accept any further mandamus petitions from the

26   petitioner unless accompanied by the appropriate fee. Id. at 114.

1    Based on the record before this court, the court cannot say this case is like that

2  presented in Visser.  Specifically, defense counsel has submitted for the court's review copies of

3  magistrate judge screening orders and subsequent findings and recommendations, recommending

4  dismissal of some of plaintiff's prior cases for failure to amend as well as district judge orders

5  adopting those findings and recommendations.  (Defs.' Mot. to Dismiss, Exs. 1-5.)  Counsel has

6  also submitted copies of docket sheets from some of plaintiff's prior cases, which indicate the

7  court denied his requests to proceed in forma pauperis and dismissed the actions.  (Id. Exs. 6-9.)

8  Although counsel's exhibits may indicate that plaintiff is litigious, the undersigned cannot say,

9  based on counsel's submissions, that plaintiff's prior complaints contained "vague, rambling

10  diatribes" or that plaintiff has "engaged in a pattern of litigation which is manifestly abusive."

11  Visser, 919 F.2d at 114.  Defendants have simply failed to present sufficient evidence upon

12  which the court could make such a determination.  See Bontemps v. Sotak, No. 2:09-cv-2115

13  LKK EFB P, 2013 WL 178210 at *4-6 (E.D. Cal. Jan. 16, 2013) (defendants failed to submit

14  adequate evidence to demonstrate Bontemps engaged in abusive litigation and should have his

15  IFP status revoked).

16    Accordingly, defendants' motion to revoke plaintiff's IFP status on the grounds

17  that he is an "abusive filer" should be denied.

18  **CONCLUSION**

19    IT IS HEREBY ORDERED that the Clerk of the Court is directed to randomly

20  assign a United States District Judge to this action.

21    IT IS HEREBY RECOMMENDED that:

22    1.  Defendants' motions to revoke plaintiff's IFP status (Doc. Nos. 24 & 26) be

23  denied; and

24    2.  Defendants be directed to file an answer in this action within twenty-one days.

25    These findings and recommendations are submitted to the United States District

26  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 4, 2013.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
bont2345.57