IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY C. BONTEMPS,

       Plaintiff,                      No. 2:10-cv-2345 DAD P

    vs.

SALINAS, et al.,                      <u>ORDER AND</u>

       Defendants.             <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Plaintiff is a state prisoner proceeding pro se seeking relief pursuant to 42 U.S.C. § 1983.  Pending before the court are defendants' motions to revoke plaintiff's in forma pauperis ("IFP") status pursuant to 28 U.S.C. § 1915(g) or, in the alternative, to revoke his IFP status because plaintiff has engaged in abusive litigation practices.  Plaintiff has filed an opposition to the motions, and defendants have filed a reply.

**MOTIONS TO REVOKE IFP STATUS PURSUANT TO § 1915(g)**

        The federal IFP statute includes a limitation on the number of actions in which a prisoner can proceed IFP.  It states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [§ 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is

1

1  frivolous, malicious, or fails to state a claim upon which relief may
   be granted, unless the prisoner is under imminent
2  danger of serious physical injury.

3  28 U.S.C. § 1915(g). "[T]he plain language of § 1915(g) requires that the court look at cases

4  dismissed prior to the enactment of the [Prison Litigation Reform Act] to determine when a

5  prisoner has used his three strikes." Rodriguez v. Cook, 169 F.3d 1176, 1181 (9th Cir. 1999).

6     For purposes of § 1915(g), the court must determine whether plaintiff has, on

7  three or more occasions prior to the filing of this new action, brought a civil action or appeal that

8  was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon

9  which relief could be granted.  Where a court denies a prisoner's application to file an action

10 without prepayment of fees on the grounds that the submitted complaint is frivolous, malicious

11 or fails to state a claim upon which relief may be granted, the court has "dismissed" the

12 complaint for purposes of § 1915(g).  See O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008).

13    In this case, defense counsel argues that plaintiff has filed ten prior actions that the

14 court has dismissed because they were frivolous, malicious, or failed to state a claim for relief.

15 (Defs.' Mot. to Dismiss at 4-5 & Exs. 1-10.)  In five of the cases counsel lists, the court first

16 dismissed plaintiff's complaint with leave to amend for failure to state a claim, plaintiff failed to

17 file an amended complaint, and the court dismissed the action. (Id., Exs. 1-5.)  In four of the

18 cases listed by counsel, the court denied plaintiff's request to proceed IFP and dismissed the case.

19 (Id., Exs. 6-9.)  Finally, in the last case relied upon by defense counsel, the court dismissed

20 plaintiff's claims "with prejudice to bringing them in another unpaid complaint" and dismissed

21 the case.  (Id. Ex. 10.)

22    Even assuming for the sake of argument that three of the above-mentioned cases

23 constituted strikes for purposes of § 1915(g), there is an exception to the three-strikes rule of that

24 provision.  The exception allows a prisoner to use IFP status to bring a civil action despite three

25 prior dismissals where the prisoner is under imminent danger of serious physical injury.  See

26 Andrews v. Cervantes, 493 F.3d 1047, 1056-57 (9th Cir. 2007) ("[A] prisoner who alleges that

prison officials continue with a practice that has injured him or others similarly situated in the past will satisfy the 'ongoing danger' standard and meet the imminence prong of the three-strikes exception.").

Defense counsel summarily contends in a footnote that the exception to § 1915(g) has no application to this case because plaintiff did not allege that he was in any "imminent danger" when he brought this action. The court disagrees. In plaintiff's original complaint, he alleged that he had immediate medical care needs that the defendants were ignoring. Specifically, plaintiff alleges as follows. On April 28, 2010, he began experiencing a severe migraine headache with pain was so severe that his eyes began to hurt, he became nauseated, and he started to vomit. A nurse provided him with ibuprofen, but the medication did not help. Plaintiff fell to the floor, and prison officials took him to the hospital where he underwent an M.R.I. Plaintiff learned that he had a 2x2 tumor on his brain. According to plaintiff, his doctor told him he might die if he does not receive surgery to remove it. Plaintiff alleged that he had not received proper follow-up care since his hospital visit. (Compl. at 8-13.) Contrary to defense counsel's contention, the court finds that plaintiff had set forth plausible allegations that he was "under imminent danger of serious physical injury" at the time he filed his complaint in this action.[1] See Andrews, 493 F.3d at 1056; Bradford v. Vella-Lopez, No. 11-17176, 2012 WL 4888396 at *1 (9th Cir. Oct. 9, 2012)[2] (prisoner set forth plausible allegations that he was "under imminent danger of serious physical injury," as that term is used in § 1915(g), due to defendants

---

[1] The court recognizes that plaintiff is now proceeding on a second amended complaint and that in screening that complaint the court determined that plaintiff appeared to state a cognizable claim for excessive use of force but did not state a cognizable claim for deliberate indifference to his medical needs. Nevertheless, as noted above, the exception to § 1915(g) applies "if the danger existed at the time the prisoner filed the [original] complaint." Andrews, 493 F.3d at 1053. The Ninth Circuit has made clear that "§ 1915(g) concerns only a threshold procedural question - whether the filing fee must be paid upfront or later. Separate PLRA provisions are directed at screening out meritless suits early on." Id. at 1055.

[2] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

refusal to treat his blood clotting disorder).

Accordingly, defendants' motions to revoke plaintiff's IFP status pursuant to § 1915(g) should be denied.

**MOTIONS TO REVOKE IFP STATUS BECAUSE OF ABUSIVE LITIGATION**

Defense counsel also argues that even if plaintiff is not barred from proceeding IFP under § 1915(g)'s three-strikes rule, the court should revoke his IFP status because he is an "abusive filer." (Defs.' Mot. to Dismiss at 5.) Counsel contends that the sheer volume of plaintiff's filings indicate that his litigation practices are abusive. Defense counsel contends that in the last eighteen years, plaintiff has filed at least twenty-three federal actions, five of which he is litigating concurrently with this action, and that plaintiff has yet to prevail in a single action. (Id. & Exs. 1-13.) In addition, defense counsel contends that plaintiff has a practice of litigating an action for months, or even years, and then forcing the court to dismiss it for failure to prosecute. For example, counsel notes, plaintiff has failed to amend his complaint or to submit service documents with respect to his potentially cognizable claims. He has also failed to oppose defendants motions for summary judgment and allowed for default dismissal. Finally, counsel contends that plaintiff misrepresented his litigation history in this case by stating on his form complaint that he only had one previous or pending lawsuit in addition to this case. (Id. at 6-7.)

The "court has inherent power to restrict a litigant's ability to commence abusive litigation in forma pauperis." Visser v. Supreme Court of California, 919 F.2d 113, 114 (9th Cir. 1990). In Visser, a pro se petitioner brought five petitions for a writ of mandamus and requested leave to proceed IFP with each petition. In the preceding sixteen months, the petitioner had filed eleven similar petitions and requests to proceed IFP. The Ninth Circuit denied petitioner's request to proceed IFP, explained that his petitions contained "vague, rambling diatribes," and concluded that he had "engaged in a pattern of litigation which [was] manifestly abusive." The court directed the Clerk of the Court not to accept any further mandamus petitions from the petitioner unless accompanied by the appropriate fee. Id. at 114.

4

Based on the record before this court, the court cannot say this case is like that presented in Visser. Specifically, defense counsel has submitted for the court's review copies of magistrate judge screening orders and subsequent findings and recommendations, recommending dismissal of some of plaintiff's prior cases for failure to amend as well as district judge orders adopting those findings and recommendations. (Defs.' Mot. to Dismiss, Exs. 1-5.) Counsel has also submitted copies of docket sheets from some of plaintiff's prior cases, which indicate the court denied his requests to proceed in forma pauperis and dismissed the actions. (Id. Exs. 6-9.) Although counsel's exhibits may indicate that plaintiff is litigious, the undersigned cannot say, based on counsel's submissions, that plaintiff's prior complaints contained "vague, rambling diatribes" or that plaintiff has "engaged in a pattern of litigation which is manifestly abusive." Visser, 919 F.2d at 114. Defendants have simply failed to present sufficient evidence upon which the court could make such a determination. See Bontemps v. Sotak, No. 2:09-cv-2115 LKK EFB P, 2013 WL 178210 at *4-6 (E.D. Cal. Jan. 16, 2013) (defendants failed to submit adequate evidence to demonstrate Bontemps engaged in abusive litigation and should have his IFP status revoked).

Accordingly, defendants' motion to revoke plaintiff's IFP status on the grounds that he is an "abusive filer" should be denied.

**CONCLUSION**

IT IS HEREBY ORDERED that the Clerk of the Court is directed to randomly assign a United States District Judge to this action.

IT IS HEREBY RECOMMENDED that:

1. Defendants' motions to revoke plaintiff's IFP status (Doc. Nos. 24 & 26) be denied; and

2. Defendants be directed to file an answer in this action within twenty-one days.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen

days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 4, 2013.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
bont2345.57