UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY BONTEMPS,<br><br>        Plaintiff,<br><br>    v.<br><br>SALINAS et al.,<br><br>        Defendants. | No.  2:10-cv-2345 MCE DAD P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se with a civil rights action seeking relief under 42 U.S.C. § 1983.  This matter is now before the court on defendants' motion to dismiss brought pursuant to unenumerated Rule 12(b) of the Federal Rules of Civil Procedure due to plaintiff's alleged failure to exhaust his administrative remedies prior to bringing suit as required.  Plaintiff has filed an opposition to the motion, and defendants have filed a reply.

**BACKGROUND**

Plaintiff is proceeding on a second amended complaint against defendants Cano, Gossip, Grant, and Martinez.  In his amended complaint, plaintiff alleges that the defendants unnecessarily slammed him on a gurney because he was holding up the chow line release for the rest of the building.  (Sec. Am. Compl. (Doc. No. 15) at 8 & Attach.)  On July 12, 2012, the court screened plaintiff's amended complaint and found that, liberally construed, it appeared to state an Eighth Amendment excessive use of force claim against the defendants.  (Doc. No. 16.)

**THE EXHAUSTION REQUIREMENT**

By the Prison Litigation Reform Act of 1995 ("PLRA"), Congress amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

The United States Supreme Court has ruled that exhaustion of prison administrative procedures is mandated regardless of the relief offered through such procedures. See Booth v. Churner, 532 U.S. 731, 741 (2001). The Supreme Court has also cautioned against reading futility or other exceptions into the statutory exhaustion requirement. See id. at 741 n.6. Moreover, because proper exhaustion is necessary, a prisoner cannot satisfy the PLRA exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance or appeal. See Woodford v. Ngo, 548 U.S. 81, 90-93 (2006). "[T]o properly exhaust administrative remedies prisoners 'must complete the administrative review process in accordance with the applicable procedural rules,' [] - rules that are defined not by the PLRA, but by the prison grievance process itself." Jones v. Bock, 549 U.S. 199, 218 (2007) (quoting Woodford, 548 U.S. at 88). See also Marella v. Terhune, 568 F.3d 1024, 1027 (9th Cir. 2009) ("The California prison system's requirements 'define the boundaries of proper exhaustion.'") (quoting Jones, 549 U.S. at 218).

In California, prisoners may appeal "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a). Most appeals progress through three levels of review. See id. § 3084.7. The third level of review constitutes the decision of the Secretary of the California Department of Corrections and Rehabilitation and exhausts a prisoner's administrative remedies. See id. § 3084.7(d)(3). A California prisoner is required to submit an inmate appeal at the appropriate level and proceed to

the highest level of review available to him.  Butler v. Adams, 397 F.3d 1181, 1183 (9th Cir. 2005); Bennett v. King, 293 F.3d 1096, 1098 (9th Cir. 2002).

The PLRA exhaustion requirement is not jurisdictional but rather creates an affirmative defense.  See Jones, 549 U.S. at 216 ("[I]nmates are not required to specially plead or demonstrate exhaustion in their complaints."); Wyatt v. Terhune, 315 F.3d 1108, 1117-19 (9th Cir. 2003).  The defendants bear the burden of raising and proving the absence of exhaustion.  Wyatt, 315 F.3d at 1119.  That burden, however, is "very low."  Albino v. Baca, 697 F.3d 1023, 1031 (9th Cir. 2012).  The defendants need only show the existence of a grievance procedure that plaintiff did not use.  Id. (citing Hilao v. Estate of Marcos, 103 F.3d 767, 778 n.5 (9th Cir. 1996) and Brown v. Valoff, 422 F.3d 926, 936-37 (9th Cir. 2005)).

A prisoner may be excused from complying with the PLRA's exhaustion requirement if he establishes that the existing administrative remedies were effectively unavailable to him.  Albino, 697 F.3d at 1031.  For example, where prison officials improperly screen out inmate grievances, they render administrative remedies effectively unavailable.  See Sapp v. Kimbrell, 623 F.3d 813, 823 (9th Cir. 2010).  In such a case, "the inmate cannot pursue the necessary sequence of appeals . . . ."  Id.  See also Nunez v. Duncan, 591 F.3d 1217, 1226 (9th Cir. 2010) (excusing an inmate's failure to exhaust because he was precluded from exhausting administrative remedies by a warden's mistaken instruction to him that a particular unavailable document was needed for him to pursue his inmate appeal).

If the district court concludes that the prisoner has not exhausted administrative remedies and is not excused from doing so, "the proper remedy is dismissal of the claim without prejudice."  Wyatt, 315 F.3d at 1120.  See also Lira v. Herrera, 427 F.3d 1164, 1170 (9th Cir. 2005).  On the other hand, "if a complaint contains both good and bad claims, the court proceeds with the good and leaves the bad."  Jones, 549 U.S. at 221.

**DISCUSSION**

Based on the evidence presented by both parties in connection with the pending motion to dismiss, the court finds that plaintiff failed to properly exhaust his administrative remedies prior to bringing suit as required.  See Woodford, 548 U.S. at 90-91 ("proper exhaustion" requires a

3

prisoner to adhere to administrative procedural rules).  Specifically, plaintiff filed two inmate appeals[1] between July 15, 2010 (the earliest date referred to by plaintiff in this action) and August 31, 2010 (the date plaintiff filed this civil rights action), in which he complained that the defendants had used excessive force against him.  (Defs.' Mot. to Dismiss (Doc. No. 36), Dulk Decl. & Ex. A.)  However, as defense counsel observes, plaintiff did not obtain a decision from the third level of review on either of those inmate appeals.  (Id., Lozano Decl.)  In this regard, the evidence before the court reflects that plaintiff did not request a second level review of his inmate appeal No. 10-01456, and that he voluntarily withdrew inmate appeal No. 10-01665 without receiving a formal review at any level.  (Id., Dulk Decl. & Ex. A.)  As discussed above, a decision from the third level of review is required to exhausts a California prisoner's administrative remedies.  See Cal. Code Regs. tit. 15, § 3084.7(d)(3).

In his opposition to defendant's pending motion to dismiss, plaintiff argues that he filed a "new 602" in which he complained that the defendants used excessive force against him, but that prison officials failed to respond to that inmate appeal.  (Pl.'s Opp'n to Defs.' Mot. to Dismiss (Doc. No. 42) at 2 & Attachs.)  Plaintiff has attached to his opposition copies of two inmate appeals in which he complained of defendants allegedly slamming him on a gurney.  (Id.) However, plaintiff's attachments do not reflect prison officials' responses to those inmate appeals.  (Id.)  Moreover, even assuming for the sake of argument that plaintiff pursued these inmate appeals through the third level of review, plaintiff signed and dated the first inmate appeal upon which he relies on September 27, 2010, and signed and dated the second such inmate appeal October 1, 2010.  (Id.)  As noted above, however, plaintiff filed this civil rights action on August 31, 2010.  It is well established that a prisoner has not satisfied the exhaustion requirement if he initiates a civil action by filing a complaint containing non-exhausted claims, even if he exhausts his administrative remedies while that complaint is pending.  See Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006) ("[A prisoner] may initiate litigation in federal court only after the administrative process ends and leaves his grievances unredressed.  It would be inconsistent with

---

[1] Those inmate appeals were designated as No. 10-01456 and No. 10-01665.

the objectives of the statute to let him submit his complaint any earlier than that."); McKinney v. Carey, 311 F.3d 1198, 1200-01 (9th Cir. 2002) ("Requiring dismissal without prejudice when there is no presuit exhaustion provides a strong incentive that will further these Congressional objectives; permitting exhaustion *pendente lite* will inevitably undermine attainment of them."); see also Rhodes v. Robinson, 621 F.3d 1002, 1005 (9th Cir. 2010) (new claims asserted in amended complaint are to be considered by the court so long as administrative remedies with respect to those new claims are exhausted before the amended complaint is tendered to the court for filing); Crayton v. Hedgpeth, No. C 08-0621 WHA (PR), 2011 WL 1988450, at *8 (E.D. Cal. May 20, 2011) ("Thus, this case presents a different scenario from that presented in Rhodes, where the claims not exhausted at the time of the first complaint were premised entirely on conduct occurring after that complaint's filing."); Jones v. Felker, No. CIV S-08-0096 KJM EFB P, 2011 WL 533755, at *5 (E.D. Cal. Feb. 11, 2011) (rejecting application of Rhodes to an amended complaint because, in part, such an application would "Create an end-run around the rule of McKinney and Vaden," a rule the court in Rhodes repeated and did not disapprove).

In sum, for all of the foregoing reasons, the court finds that the defendants have carried their burden of raising and proving the affirmative defense of failure to exhaust administrative remedies prior to filing suit. See Jones, 549 U.S. 216; Wyatt, 315 F.3d at 1117-19. Accordingly, defendants' motion to dismiss should be granted.

**OTHER MATTERS**

The pending motion to dismiss is brought on behalf of defendants Cano, Gossip, and Grant. Although plaintiff asserts the same excessive use of force claim against defendant Martinez, defendant Martinez has not yet appeared in this action because plaintiff failed to provide adequate information on the USM-285 form to enable the United States Marshal to effect service on him. (Doc. No. 29.) Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, the court will recommend that defendant Martinez be dismissed without prejudice because plaintiff has not shown good cause for the failure to effect service on this defendant.

/////

/////

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss (Doc. No. 36) be granted;

2. Defendant Martinez also be dismissed without prejudice; and

3. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 23, 2013

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
bont2345.57